### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DARRELL EUGENE RUMBLE and | ) | Case No. 09-31447 |
| CARRIE DAWN RUMBLE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| NORMAN E. ROUSE, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 10-3033 |
| | ) | |
| GREGORY O. NEELY, | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM OPINION**

In this adversary proceeding, the Chapter 7 trustee, Norman E. Rouse ("Trustee"), seeks to avoid Defendant Gregory O. Neely's allegedly unperfected lien on the Debtors' manufactured home.[1]  Neely maintains that his lien was perfected by the Debtors' delivery of a proper "Application for Missouri Title" to a local office of the Missouri Department of Revenue ("MoDoR") in April 2009.  The Trustee, on the other hand, argues that Neely's lien is unperfected because the Application was later rejected by MoDoR's central office in Jefferson City, Missouri, because of a clerical error committed by the local office.

The facts are not in dispute.  Accordingly, the sole issue is a legal one: Whether a creditor's security interest in a manufactured home is perfected – and therefore is superior to the Trustee's status as a hypothetical lien creditor under 11 U.S.C. § 544 – upon the delivery to the Department of Revenue of a properly completed Application for Title even though the application is not finally processed pre-petition because of the Department's own clerical error.

---

[1] As noted below, after the Debtors filed their bankruptcy petition, Neely took further steps to "conclusively" perfect his lien after the petition date.  As a technical matter, the Trustee should probably have included in his Complaint a claim under 11 U.S.C. § 549 to avoid this ostensible post-petition transfer of the Debtors' interest in the manufactured home.  As a practical matter, however, this deficiency is of no consequence because the Court finds that Neely's lien was, indeed, perfected before the petition date.

For the reasons stated below, the Court determines that the security interest is perfected in these circumstances. Therefore, the Court holds that Neely's lien was perfected on the petition date and the Trustee cannot avoid Neely's lien on the Debtors' manufactured home.

**BACKGROUND**

By agreement of the parties, the Court decides this matter based on the following stipulated facts:

1. Debtors filed for relief under Chapter 7 on November 30, 2009.

2. Prior to the bankruptcy, on February 20, 2009, the Debtors executed a promissory note to Defendant in the amount of $15,000. The promissory note recited that it was secured by the manufactured home and contained a "Collateral Agreement."

3. Then, just over a month later, on or about March 25, 2009, the Debtors purchased a 1996 Spirit manufactured home, VIN #SCAR29566628720 (the "Collateral").

4. An application for Missouri title (Form DOR-108) was properly filled out and the Debtors submitted it to the McDonald County Department of Revenue office in April 2009. They were given a "Registration Receipt."

5. The McDonald County office forwarded the application to the Department's main office in Jefferson City. That office, however, returned the application to the Debtors, stating that the "application has not been clearly validated" by the local office (circling where the validation was required) and directing that the Debtors return to the local office to correct the oversight.

6. Upon receipt of the returned application, the Debtors did not return to the local office or notify the Defendant that the application had been rejected by the Jefferson City office.

7. Sometime after the Debtors filed their bankruptcy petition and notified the Defendant of the status of the application, the application was delivered to the local office, which corrected its prior mistake and validated the application.

8. Thereafter, a new certificate of title was issued by the Missouri Department of Revenue listing the Defendant as the first lienholder and noting the lien date as February 20, 2009.

**DISCUSSION**

The status of a lien is determined by state law.[2] Mo. Rev. Stat. § 700.350 governs the perfection of security interests in manufactured homes. The version of § 700.350.3 in effect at the time the Debtors purchased their manufactured home and when they filed their bankruptcy petition provided in pertinent part:[3]

> A lien or encumbrance on a manufactured home is perfected by the delivery to the director of revenue of a notice of lien in a format as prescribed by the director of revenue. Such lien or encumbrance shall be perfected as of the time of its creation if the delivery of the notice of lien required in this subsection to the director of revenue is completed within thirty days thereafter, otherwise such lien or encumbrance shall be perfected as of the time of the delivery. A notice of lien shall contain the name and address of the owner of the manufactured home and the secured party, a description of the manufactured home, including any identification number and such other information as the department of revenue shall prescribe. A notice of lien substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.[4]

Fortunately, this is not the Court's first encounter with this statute in the context of a rejected application for title and notice of lien. In *In re Philliber*,[5] the Court determined that a defective Application for Title, which was also initially accepted but later rejected, was insufficient to perfect a lien on a manufactured home under § 700.350.

A cursory reading of *Philliber* might lead one to conclude that Neely's Application was also insufficient to perfect his lien. However, the facts in *Philliber* differ in one crucial respect from the facts of this case: The application in *Philliber* was rejected because it was invalid as submitted, whereas Neely's Application was ultimately rejected solely because of a clerical error made by the local office of MoDoR. Considered in conjunction with the plain language of § 700.350.3, that difference is dispositive of the outcome in this case.

---

[2] *In re Marlar*, 252 B.R. 743, 752 (B.A.P. 8 Cir. 2000).

[3] Mo. Rev. Stat. § 700.350.3 was amended, effective March 1, 2011, by adding this pertinent phrase at the end of the second sentence: "provided, however, that a purchase money security interest in a manufactured home under article 9 of chapter 400 [the Uniform Commercial Code] is perfected against the rights of judicial lien creditors and execution creditors on and after the date such purchase money security interest attaches..." Mo. Rev. Stat. § 700.350 (West 2010). The amendment thus did away with the 30-day application delivery requirement for the perfection of purchase money security interests on manufactured homes and made perfection "automatic."

[4] Mo. Rev. Stat. § 700.350.3.

[5] 395 B.R. 653 (Bankr. W.D. Mo. 2008).

As it was written in 2009, when the transactions in this case took place – and as it still is written today – § 700.350.3 stated unambiguously that a lien was perfected upon the delivery of an application to the Department of Revenue, even if that delivery occurred more than 30 days after the security interest attached.[6] And *Philliber* clarifies that the application delivered must be valid and proper.[7] Neely satisfied both of these requirements when the Debtors delivered a valid and proper application to the local office of MoDoR. The fact that it was later rejected by the main office did not change the effect of its delivery under § 700.350.3. Therefore, Neely's lien was perfected in April 2009, long before the Debtors filed their bankruptcy petition, and it cannot now be avoided by the Trustee under 11 U.S.C. § 544.

This holding is both equitable, inasmuch as a contrary holding would unduly punish a diligent creditor for errors beyond his control, and poses little or no danger to bankruptcy trustees, creditors, or potential purchasers, for as noted above, § 700.350.3 has now been amended to provide automatic perfection upon attachment for purchase money security interests in manufactured homes.[8] Hopefully, with that amendment, problems similar to this one will not recur.

## CONCLUSION

Under Mo. Rev. Stat. § 700.350.3, Neely's lien on the Debtors' 1996 Spirit manufactured home, VIN #SCAR29566628720, was perfected as of the petition date. Consequently, it is superior in priority to the Trustee's hypothetical lien under 11 U.S.C. § 544. The relief sought in the Trustee's Complaint will therefore be **DENIED**.

A separate order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**ENTERED** this 29th day of April 2011.

/s/ Jerry W. Venters 

---

[6] The Court declines the Trustee's invitation to consider Kansas state law to inject ambiguity into the plain meaning of "deliver."

[7] "Acceptance of a *valid and proper* Notice of Lien or Application for Missouri Title is implied in the statute. Interpreting the statute to confer perfection on a lien by a filing that has been rejected by MoDoR would violate the clear text and the purpose of the statute." *In re Philliber*, 395 B.R. at 657 (emphasis added).

[8] *See infra* n. 3.

                HONORABLE JERRY W. VENTERS
                UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Norman E. Rouse
Jeremy K. Brown